UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PATRICIA WILSON<br>26 Saw Mill Run<br>Norristown, PA 19401,<br><br>      Plaintiff,<br><br>v.<br><br>QUEST DIAGNOSTICS, INC.<br>1290 Wall Street<br>Lyndhurst, NJ 07071,<br><br>  and<br><br>LIFE INSURANCE COMPANY OF<br>NORTH AMERICA D/B/A<br>CIGNA GROUP INSURANCE<br>1601 Chestnut Street<br>Philadelphia, PA 19192,<br><br>      Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:    Civil Action No.: |

**COMPLAINT**

     Plaintiff, Patricia Wilson, hereby brings this civil action against Defendants Quest Diagnostics, Inc. and Life Insurance Company of North America d/b/a CIGNA Group Insurance and in support thereof states as follows:

**NATURE OF ACTION**

     1.    This case involves claims for short and long term disability benefits under the employee welfare benefit plan ("the Plan") of Quest Diagnostics, Inc., which is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*. Plaintiff seeks recovery of benefits pursuant to 29 U.S.C. §1132(a)(1)(B) and penalties under 29 U.S.C. §1132(c).

1

## JURISDICTION AND VENUE

2. This court has jurisdiction over the issues raised herein pursuant 29 U.S.C. §1132(e)(1) and 28 U.S.C. §1331.

3. Venue is proper in the Eastern District of Pennsylvania. *See* 29 U.S.C. §1132(e)(2) and 28 U.S.C. § 1391(b).

4. ERISA provides a mechanism for administrative or internal appeal of benefits denials. *See* 29 U.S.C. §1133. Those avenues of appeal have been exhausted in this case; therefore, this civil action has been properly filed in federal court.

## PARTIES

5. Plaintiff, Patricia Wilson, is an adult individual currently residing in Philadelphia, Pennsylvania, located in the Eastern District of Pennsylvania.

6. Defendant, Quest Diagnostics, Inc. ("Quest"), is an employer, as defined by 29 U.S.C. §1002(5), with a principal address of 1290 Wall Street, Lyndhurst, NJ 07071. Quest does business within the Eastern District of Pennsylvania.

7. Defendant, Life Insurance Company of North America ("LINA"), is a business entity with its principal place of business located in Philadelphia, Pennsylvania, within the Eastern District of Pennsylvania.

8. At all times relevant, the Plan constituted an "employee welfare benefit plan" as defined by 29 U.S.C. §1002(1).

9. Upon information and belief, Defendant LINA was responsible for making all claim determinations under the Plan.

10. Upon information and belief, Defendant LINA funded long term disability benefits paid under the Plan.

11. Upon information and belief, Defendant Quest funded short term disability benefits paid under the Plan.

12. As an employee of Quest Diagnostics, Plaintiff received coverage under the Plan as a "participant" as defined by 29 U.S.C. §1002(7).

## CLAIM FOR BENEFITS

13. Patricia Wilson was an active full time employee of Quest Diagnostics when she became disabled on November 1, 2011 due to the severity of her physical impairments; specifically, cervical and lumbar degenerative disc disease with stenosis and an annular tear at L5-S1 and degenerative joint disease of her hips and knees bilaterally.

14. Ms. Wilson has remained out of work due to the severity of her disabling impairments since that time.

15. Following the date she stopped working, in November 2011, Ms. Wilson claimed disability benefits under the Plan.

16. According to Quest's Plan, a participant is disabled if due to injury or sickness, he or she is "1) unable to perform the material duties of his or her Regular Occupation; and 2) unable to earn 80% or more of his or her Covered Earnings from working in his or her Regular Occupation."

17. The Regular Occupation of Ms. Wilson is: Laboratory Technician.

18. Initially, LINA found that Ms. Wilson met the definition of "Disability" according to the policy and the Plan, and paid Ms. Wilson benefits through December 19, 2011.

19. LINA notified Ms. Wilson on February 20, 2011 that she was denied further benefits under the Plan effective December 19, 2011. According to LINA, she was no longer "Disabled" as defined by the Plan.

20. Ms. Wilson continued to have physical impairments of disabling severity, as defined by the Plan.

21. On July 18, 2012, Ms. Wilson appealed the termination of benefits in accordance with 29 U.S.C. §1133.

22. Two days later, on July 20, 2012, Ms. Wilson was notified that benefits would be extended to February 26, 2012; however, further benefits continued to be denied.

23. In support of her appeal, Ms. Wilson submitted additional evidence confirming her continued disability including a physical residual functional capacity questionnaire from her long time physician, which fully supports her claim.

24. By way of letter dated September 18, 2012, LINA upheld its previous decision to terminate Ms. Wilson's short term disability benefits, effective February 26, 2012.

25. Because Ms. Wilson remained unable to work, she also filed a claim for Social Security disability and long term disability benefits.

26. On August 13, 2012, Ms. Wilson's claim for Social Security disability benefits was approved at the initial application level with a recognized disability onset date of November 1, 2011.

27. On September 17, 2012, LINA advised Ms. Wilson that her claim for long term disability benefits was being denied.

28. On January 8, 2013, Ms. Wilson appealed the denial of short and long term disability benefits, submitting additional records for review including supporting statements from her orthopedic specialist, pain management physician and primary care physician.

29. By way of letter dated February 8, 2013, LINA upheld their denial of benefits.

30. On August 8, 2013, Ms. Wilson appealed the denial of benefits for the final time.

31. On September 18, 2013, LINA once again denied Ms. Wilson's claim.

32. On October 30, 2013, Ms. Wilson requested from Quest a copy of her short and long term disability plan documents.

33. To date, these plan documents have not been produced.

34. As a result of LINA's issuance of the final determination, all administrative remedies have been exhausted and this matter is ripe for judicial review.

35. The determination by LINA that Plaintiff is not totally disabled, as defined by the Plan, after February 26, 2012, is contrary to the welfare benefit plan, and has no rational support in the evidence.

36. As a direct and proximate result thereof, based on the evidence submitted to Aetna establishing that Plaintiff met the Plan's definition of "Disability" continuously since November 1, 2011, Plaintiff is entitled to payment of monthly benefits retroactive to February 26, 2012, the date benefits were terminated; and such benefits should be continued as long as Plaintiff remains disabled in accordance with the terms of the Plan.

WHEREFORE, Plaintiff prays for the following relief:

A. That the Court enter judgment in Plaintiff's favor and against Defendants; and

B. That the Court order Defendants to pay disability benefits to Plaintiff in an amount equal to the contractual amount of benefits to which Plaintiff is entitled; and

  C. That the Court order Defendants to pay Plaintiff prejudgment interest on all benefits that have accrued prior to the date of judgment; and

  D. That the Court award Plaintiff attorney's fees pursuant to 29 U.S.C. §1132(g);

  E. That the Court award Plaintiff penalties in accordance with 29 U.S.C. §1132(c); and

  F. That Plaintiff recover any and all other relief to which she may be entitled, as well as the costs of suit.

         Respectfully submitted,

By: *[signature]*

Maria Bermudez-Harris, Esq. #205890
Joseph Capitan, Esq. #307043
MARTIN BANKS
1818 Market Street, 35th Floor
Philadelphia, PA 19103
MHarris@SSDisabilityFirm.com
JCapitan@SSDisabilityFirm.com
p: 215.587.8400  f: 215.587.8417
*Attorneys for Plaintiff, Patricia Wilson*

JS 44 (Rev. 09/11)

# CIVIL COVER SHEET

The JS 44 civil coversheet and the information contained herein neither replace nor supplement the filing and service of pleadngs or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States inSeptember 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

### I. (a) PLAINTIFFS
Patricia Wilson

### DEFENDANTS
Quest Diagnostics, Inc. and Life Insurance Company of North America d/b/a CIGNA Group Insurance

**(b)** County of Residence of First Listed Plaintiff: Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: New Jersey & Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Maria E. Harris and Joseph Capitan, Martin LLC, 1818 Market St., 35th Floor, Philadelphia, PA, 19103, (215) 587-8400

Attorneys *(If Known)*

### II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

### III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)* and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Med. Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☒ 791 Empl. Ret. Inc. Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

### V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district *(specify)* ☐ 6 Multidistrict Litigation

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 TO U.S.C. §1132(e)(1) and 28 U.S.C. §1331
Brief description of cause:
Plaintiff claims benefits under an employee welfare benefit plan governed by ERISA.

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
**DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☒ No

### VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 03/07/2014

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Eastern District of Pennsylvania

| | |
|---|---|
| Patricia Wilson <br><br> *Plaintiff(s)* <br> v. <br> Quest Diagnostics, Inc. and <br> Life Insurance Company of North America d/b/a <br> CIGNA Group Insurance <br><br> *Defendant(s)* | ) ) ) ) ) ) ) ) ) ) ) ) )  Civil Action No. |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Quest Diagnostics, Inc.
1290 Wall Street
Lyndhurst, NJ 07071

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:  Maria E. Harris, Esq.
1818 Market St., 35th Floor
Philadelphia, PA 19103

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Eastern District of Pennsylvania

Patricia Wilson

*Plaintiff(s)*

v.

Quest Diagnostics, Inc. and
Life Insurance Company of North America d/b/a
CIGNA Group Insurance

*Defendant(s)*

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Life Insurance Company of North America d/b/a CIGNA Group Insurance
1601 Chestnut Street
Philadelphia, PA 19192

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:
Maria E. Harris, Esq.
1818 Market St., 35th Floor
Philadelphia, PA 19103

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____    _____
*Signature of Clerk or Deputy Clerk*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Patricia Wilson | : | CIVIL ACTION |
| v. | : | |
| Quest Diagnostics, Inc., et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (x)

| 3/7/14 | Maria Harris | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-587-8400 | 267-765-2034 | mharris@ssdisabilityfirm.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: _Martin LLC, 1818 Market St., 35th Floor, Philadelphia, PA 19103_

Address of Defendant: _Quest - 1290 Wall Street, Lyndhurst, NJ 07071 and LINA - 1601 Chestnut Street, Philadelphia, PA 19192_

Place of Accident, Incident or Transaction: _Philadelphia, PA_
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐  No☐ - unknown

Does this case involve multidistrict litigation possibilities?   Yes☐  No**X**

RELATED CASE, IF ANY:
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions: n/a

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?   Yes☐  No☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. X All other Federal Question Cases
    (Please specify) _____ERISA_____

B. *Diversity Jurisdiction Cases*:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, _____, counsel of record do hereby certify:
  ☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
  X Relief other than monetary damages is sought.

DATE: _3/7/14_    Maria Harris    205890
                  Attorney-at-Law    Attorney I.D.#

**NOTE**: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _3/7/14_    Maria Harris    205890
                  Attorney-at-Law    Attorney I.D.#

CIV. 609 (5/2012)

## UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: _Martin LLC, 1818 Market St., 35th Floor, Philadelphia, PA 19103_

Address of Defendant: _Quest - 1290 Wall Street, Lyndhurst, NJ 07071 and LINA - 1601 Chestnut Street, Philadelphia, PA 19192_

Place of Accident, Incident or Transaction: _Philadelphia, PA_
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐   No☐ - unknown

Does this case involve multidistrict litigation possibilities?   Yes☐   No**X**

RELATED CASE, IF ANY:
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions: n/a

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐   No☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐   No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐   No☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐   No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. **X** All other Federal Question Cases
    (Please specify) _ERISA_

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

### ARBITRATION CERTIFICATION
(Check Appropriate Category)

I, _____, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

**X** Relief other than monetary damages is sought.

DATE: _3/7/14_   _Maria Harris_   _205890_
            Attorney-at-Law   Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _3/7/14_   _Maria Harris_   _205890_
            Attorney-at-Law   Attorney I.D.#

CIV. 609 (5/2012)

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| PATRICIA WILSON : | |
| : | Civil Action No.: |
| Plaintiff, : | |
| v. : | |
| : | |
| QUEST DIAGNOSTICS, INC. : | |
| : | |
| and : | |
| : | |
| LIFE INSURANCE COMPANY OF : | |
| NORTH AMERICA D/B/A : | |
| CIGNA GROUP INSURANCE : | |
| : | |
| Defendant. : | |

**DISCLOSURE STATEMENT FORM PURSUANT TO**
**FEDERAL RULE OF CIVIL PROCEDURE 7.1**

Please check one box:

☐  The nongovernmental corporate party, _____, in the above listed civil action does not have any parent corporation and publicly held corporation that owns 10% or more of its stock.

☐  The nongovernmental corporate party, _____, in the above listed civil action has the following parent corporation(s) and publicly held corporation(s) that owns 10% or more of its stock:

**Plaintiff is a person and not a nongovernmental corporate party.**

Respectfully submitted,

By: _____
Maria Harris
MARTIN LLC
*Attorneys for Plaintiffs*